# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-00-783 |
| | § | |
| JAVIER HERNANDEZ-RODRIGUEZ, | § | |
| | § | |
| Defendant-Movant. | § | |
| | § | |
| (Civil Action No. H-05-02453) | § | |

## MEMORANDUM AND ORDER

Javier Hernandez-Rodriguez has filed a motion for relief under 28 U.S.C. § 2255, attacking the sentence he received after pleading guilty to an indictment charging him with illegal reentry after deportation and after having been convicted of a felony, in violation of 8 U.S.C. § § 1326(a) and (b)(2). On Marcy 27, 2001, this court sentenced Hernandez to 96 months in prison.  Hernandez filed an appeal, which was dismissed, and a motion under section 2255, which was dismissed.  This motion was filed on July 7, 2005.  Hernandez asserts that the Supreme Court decision in *United States v. Booker,* 125 S.Ct. 738 (2005), provides a basis for relief.  The government has answered and moved to dismiss based on limitations and  and the inapplicability of *Booker* to this case.

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the

>Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982), *cert. denied*, 112 S. Ct. 978 (1992)). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 113 S. Ct. 621 (1992).

To obtain collateral relief under 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct

appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.*; *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Thomas is proceeding *pro se*. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The one-year period ran in this case from the date the judgment became final, on January 28, 2002. He did not file this motion until July 2005, long after limitations had run.

The decision in *United States v. Booker* does not provide a basis for tolling limitations. In *Blakely v. Washington,* 124 S. Ct. 2531 (2004), the Supreme Court invalidated an exceptional sentence imposed under the sentencing regime in place in the State of Washington. In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530

3

U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court later extended this ruling on January 12, 2005, in *United States v. Booker*, 125 S. Ct. 738, 749 (2005), after finding "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*. The Supreme Court held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial. *Id.*, 125 S. Ct. at 749-50. As it did in *Blakely*, the Court in *Booker* extended the holding in *Apprendi* with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S. Ct. at 756.

To the extent that *Blakely* and *Booker* represent a new rule, the retroactivity doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989) bars relief on collateral review to cases that have become final before the new rule is announced. Hernandez's conviction became final on January 28, 2002, long before *Booker* was decided on January 12, 2005. The rule in *Booker*, which applies the holding in *Blakely* to the Sentencing Guidelines, is new. Although *Blakely* rests on *Apprendi*, which holds that all facts used to increase a sentence beyond the statutory maximum must be charged and proven to a jury, *Blakely* presented a new statement of "statutory maximum" for sentencing: "[T]he relevant 'statutory maximum'

4

is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 124 S. Ct. at 2537 (emphasis in original). Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum as determined by the United States Code.[1] By contrast, the statutory maximum under *Blakely* "is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). After *Blakely* was decided, courts divided as to whether its holding applied to the Sentencing Guidelines.[2] This question was resolved when the Supreme Court held in *Booker* that the rule in *Blakely*

---

[1] *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

[2] The Fifth Circuit initially held that *Blakely* did not affect the Sentencing Guidelines at all. *United States v. Pineiro*, 377 F.3d 464, 465-73 (5th Cir. 2004). The Second, Fourth, Sixth, and Eleventh Circuits also reached that conclusion. *See United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004); *United States v. Hammoud*, 378 F.3d 436 (4th Cir. 2004) (en banc); *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc); and *United States v. Reese*, 382 F.3d 1308, 1310 (11th Cir. 2004).

applied to the Sentencing Guidelines. This is a new rule of the type barred from retroactive application by *Teague*.[3]

More importantly, the holding in *Booker* is not retroactive to a collateral challenge of the sort Hernandez raises. *Booker*, 125 S. Ct. at 769. Every circuit court of appeals to address this question has agreed that *Booker* is not applicable to collateral challenges filed under 28 U.S.C. § 2255. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (rejecting an initial § 2255 motion and holding that *Booker* does not apply retroactively to cases already final on direct review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). Because his *Booker* claim is barred by *Teague*, the defendant is not entitled to relief on this issue under 28 U.S.C. § 2255. *See In re Elwood*, 2005 WL 976998 at *5 (5th

---

[3] Every circuit court of appeals to address the issue so far has agreed that the rule in *Blakely*, as extended by *Booker*, is new for purposes of a *Teague* analysis. *See McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005) (recognizing, implicitly, that the rule in *Booker* is new); *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005) ("The *Booker* rule is clearly new."); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same); *United States v. Price*, 400 F.3d 844, 848 (10th Cir. 2005) (holding that *Blakely* "announced a new rule"). *See also Carmona v. United States*, 390 F.3d 200 (2d Cir. 2004) (concluding that the rule in *Blakely* is a new rule not retroactive in the context of a successive § 2255 motion); *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004) (same); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004) (same); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (same); *In re Elwood*, — F.3d —, 2005 WL 976998, *2 (5th Cir. 2005) (same).

Cir. April 28, 2005)(holding that the "Supreme Court has not made *Booker* retroactive to any cases on collateral review.").

### IV.   Certificate of Appealability

Hernandez's section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. A certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds,

7

the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all the reasons set forth above, this court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

Based on the foregoing, this court finds that Hernandez is not entitled to the relief he seeks. Hernandez's section 2255 motion is denied and the corresponding civil action is dismissed with prejudice. A certificate of appealability is denied.

Final judgment will issue by separate order.

SIGNED on October 17, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge